## SOWLES v. NATIONAL UNION BANK OF SWANTON.

(Circuit Court, D. Vermont. July 6, 1897.)

1. RECEIVER—SETTLEMENT OF ACCOUNTS—COUNSEL FEES.
   When, at the time of the appointment of a receiver of a bank, suits are pending on notes belonging to the bank, with counsel employed and necessary, the reasonable fees of such counsel are chargeable against the assets.

2. SAME—COUNSEL FEES NOT ALLOWED.
   Counsel fees will not be allowed a receiver for services rendered in conducting the suit in which he was appointed; nor for services on a hearing before a master in behalf of a claim which included a charge for fees paid to the same counsel; nor for services before the master on the hearing

upon the receiver's account, where the principal contest was over the charges of such counsel to the receiver; nor for services in obtaining the appointment of a former receiver, who has been superseded.

Heard on Exceptions to Master's Report.

H. A. Burt and Wilson & Hall, for complainant.
Edward A. Sowles and C. G. Austen, for defendant.

WHEELER, District Judge. This cause has now been heard on exceptions to the report of the master upon accounts of the receiver of the assets of the bank, who was appointed by this court. They relate to charges of counsel and to personal services. The reasonableness of the latter was a fact for the master, and no good cause for disturbing his conclusions in this respect has been made apparent. Question has been made as to the right of the receiver to employ counsel without order of court. Whether a receiver could institute new litigation, and charge the assets with the expense without any order, need not now be decided. Among the assets were notes then in suit for collection, with counsel employed and necessary. The duty of the receiver as such required him to take due care of this litigation, which could not be done without counsel. The only question about paying the charges of such counsel is as to their reasonableness. The master has disallowed some of these on this score, and does not appear to have so disallowed any too much. Term fees in this suit have been disallowed on that score, but the receiver is not a party to this suit, and no counsel for him could have any right, in any view, to charge term fees to him in it. Counsel fees could be chargeable to him only for securing the assets, and not for the conduct of the cause in which he was appointed.

The former president of the bank had claims upon the assets for his services and expenditures, including charges of counsel, to which there were objections. They were referred to a master, and some of the charges here are for counsel interested in sustaining his own charges there. The success of the counsel there, for which these charges are made here, would, wholly or in part not divisible at least, tend to deplete, and not to protect, the assets in the hands of the receiver. These charges, the legality of which is submitted by the master to the court, should be disallowed for this reason.

Charges have also been made for services of counsel before this master at this hearing where the principal contest was in respect to their charges to this receiver. They were directly interested against the receiver in his duty to preserve, and not to dissipate, the assets that he had secured. No allowance should be made for services in this direction, or for charges including such services. The receiver should not pay counsel to work for their own interest against his as receiver, nor to work both ways. The propriety of these charges was left open by the master, and they are here disallowed.

A petition has been presented for an allowance to counsel for services in obtaining the appointment of a former receiver in this cause, who was superseded. These charges had nothing to do with the assets in the hands of this receiver, and have no place in the settle-

ment of his accounts. Exceptions overruled, report accepted and confirmed, and thereupon the charges for counsel before masters are disallowed.